UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

THOMAS T. McCLENDON, as Liquidating
Trustee of the Galardi Creditor Trust,

    Plaintiff,

v.

Case No. _____

RASHEEDAH MAYS; TIFFANY THOMPSON; ASTRID GABBE; LAW OFFICE OF ASTRID E. GABBE, P.A.; AINSWORTH DUDLEY; DUDLEY LAW, LLC,

    Defendants.
_____/

FILED BY \_\_\_\_\_ D.C.
AUG 03 2023
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## COMPLAINT FOR INTERPLEADER

Pursuant to 28 U.S.C. § 1335, Interpleader Plaintiff, Thomas T. McClendon, as Liquidating Trustee of the Galardi Creditor Trust ("Liquidating Trustee"), files this Complaint for Interpleader against Interpleader Defendants, Rasheedah Mays ("Mays"); Tiffany Thompson ("Thompson"); Astrid Gabbe ("Gabbe"); the Law Office of Astrid E. Gabbe, P.A. ("Law Office"); Ainsworth Dudley ("Ainsworth"); and Dudley Law, LLC ("Dudley") (collectively, "Interpleader Defendants"), and states:

### OVERVIEW

1. Liquidating Trustee holds certain funds in the amount of $219,336.00 ($142,691.00 to Mays and $76,645.00 to Thompson, or collectively, the "Funds"), which the Interpleader Defendants claim a competing interest. Liquidating Trustee claims no interest in the Funds, and more importantly, faces multiple and conflicting claims by the Interpleader Defendants for the Funds. Liquidating Trustee does not know who is entitled to the Funds in his possession and now

1

seeks to interplead them into the Court registry so that the Court in the related, pending action of *Milner et al. v. Galardi*, Case No. 20-23230-CIV-CANNON-OTAZO-REYES ("Related Action") may determine the proper owner and distribution.

## PARTIES

2. Liquidating Trustee is a citizen of the State of Georgia.

3. Mays is a citizen of the State of Georgia and is a plaintiff in the Related Action.

4. Thompson (also known as Chanell Warren) is a citizen of the State of Massachusetts or State of California, and is a plaintiff in the Related Action.

5. Gabbe is a citizen of the State of Florida, and is current counsel for Mays and Thompson in the Related Action.

6. Law Office is a Florida for-profit corporation with its principal place of business at 6531 Grant Court, Hollywood, FL 33024.

7. Ainsworth is a citizen of the State of Georgia, and was former counsel for Mays and Thompson in the Related Action.

8. Dudley is a Georgia for-profit corporation with its principal place of business at 4200 Northside Pkwy, Bldg. One, Suite 200, Atlanta, GA, 30327.

9. Interpleader Defendants have otherwise submitted themselves to this Court's jurisdiction as litigants or counsel in the Related Action.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this matter under 28 U.S.C. § 1335(a) because: (a) this is a civil action of interpleader filed by Liquidating Trustee having in his custody or possession money of the value of $500.00 or more; (b) two or more adverse claimants, of diverse citizenship

under 28 U.S.C. §§ 1332(a), are claiming to be entitled to such money; and (c) Liquidating Trustee will deposit such money into the registry of the Court.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Gabbe is a citizen of the State of Florida and resides in Broward County, Florida, which is within the Southern District of Florida, and Interpleader Defendants have already submitted to this Court's jurisdiction as participants in the Related Action.

## INTERPLEADER

### A. The Creditor Trust

12. In January 2022, Teri G. Galardi ("Galardi") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* ("Bankruptcy Code"), in the United States Bankruptcy Court for Middle District of Georgia, Macon Division ("Bankruptcy Court").

13. As part of Galardi's voluntary petition, a Committee of Unsecured Creditors ("Committee") was appointed to represent the interests of all unsecured creditors.

14. After negotiations, the Committee and Galardi filed an *Amended Joint Chapter 11 Plan of Reorganization of Teri G. Galardi and the Committee of Unsecured Creditors* ("Plan"), which proposed the establishment of the Galardi Creditors Trust ("Creditors Trust") to liquidate certain assets of Galardi and distribute the net proceeds of the trust in accordance with the terms and conditions of the Plan.

15. Pursuant to the Plan, Galardi agreed to fund the Liquidating Trust with approximately $10 million of cash and property, subject to the Liquidating Trustee's possession and control.

16. On April 14, 2023, the Bankruptcy Court approved the Plan and appointed Liquidating Trustee.

17. In connection with the Plan, Galardi and Liquidating Trustee executed the *Trust Agreement for the Galardi Creditors Trust* ("Trust Agreement") to establish the Creditors Trust and fund of payments to holders of unsecured claims under the Plan.

18. The Plan became effective and final on April 28, 2023.

**B.     Interpleader Defendants' Adverse Claims to the Funds**

19. On March 22, 2022, Mays filed a proof of claim as an unsecured creditor of Galardi in the amount of $686,578.00, a copy of which is attached as **Exhibit A**.

20. On March 23, 2022, Thompson filed a proof of claim as unsecured creditor of Galardi in the amount of $368,787.84, a copy of which is attached as **Exhibit B**.

21. Law Office (on behalf of Gabbe) and Dudley (on behalf of Ainsworth) asserted an attorneys' charging lien in the amount of $96,120.92 on any potential judgment, settlement or award to be entered in favor of Mays in the Related Action. *See* July 10, 2023 Notice of Filing and Asserting Amended Charging Lien by Law Office and Ainsworth for Attorneys' Fees and Costs, attached hereto as **Exhibit C**.

22. Law Office (on behalf of Gabbe) asserted an attorneys' charging lien in the amount of $51,630.30 on any potential judgment, settlement or award to be entered in favor of Thompson in the Related Action. *See* July 12, 2023 Notice of Filing and Asserting Amended Charging Lien by Law Office for Attorneys' Fees and Costs, attached hereto as **Exhibit D**.

**C.     Liquidating Trustee Claims No Interest in the Funds**

23. Liquidating Trustee claims no interest in the Funds, is a mere stakeholder, and is not the cause of the conflicting claims between the Interpleader Defendants.

24. Liquidating Trustee takes no position as to who is entitled to the Funds and cannot determine which of the Interpleader Defendants are entitled to the Funds.

25. The conflicting claims of the Interpleader Defendants raise questions of fact and law that cannot otherwise be resolved without exposing Liquidating Trustee to conflicting liabilities.

26. Liquidating Trustee is ready, willing and able to pay the Funds to the person or persons found to be entitled thereto and is prepared to pay the Funds at issue into the Registry of this Court, or as the Court otherwise directs.

27. By reason of the actual and potential adverse and conflicting claims of the Interpleader Defendants, Liquidating Trustee is, or may be, exposed to double or multiple liability if Liquidating Trustee decides between such claims.

28. The sole purpose of this Complaint in Interpleader is to allow Liquidating Trustee to appear and interplead these disputed funds within the Registry of the Court and to allow the Court in the Related Action to determine ownership and disbursement of the funds.

29. Liquidating Trustee does not seek this interpleader action for delay but to avoid multiple liabilities, unnecessary suits, and incidental costs.

30. Liquidating Trustee has also identified the Related Action in his Civil Cover Sheet and will seek to have this matter transferred to the same judge as appropriate.

31. Accordingly, Liquidating Trustee desires to interplead and deposit the Funds into the Court's registry, as well as recoup his attorneys' fees and costs incurred. *See Kurland v. U.S.*, 919 F.Supp. 419, 421 (M.D. Fla. 1996) ("It is a generally accepted principle that a disinterested stakeholder filing an action in interpleader may be dismissed from the case, discharged from further liability, and, in the Court's discretion, awarded attorneys' fees and costs.").

**WHEREFORE**, Plaintiff, Thomas T. McClendon, as Liquidating Trustee of the Galardi Creditor Trust, prays the Court to grant it the following relief:

a. An Order authorizing Liquidating Trustee to interplead the Funds and deposit them into the registry of the Court;

b. An Order releasing and discharging Liquidating Trustee from all liability to the Interpleader Defendants regarding the Funds;

c. An Order dismissing Liquidating Trustee from this lawsuit;

d. An Order awarding Liquidating Trustee his attorney's fees and costs; and

e. An Order awarding such other and further relief as this Court finds to be just and proper.

Dated: August 3, 2023

Respectfully submitted,

/s/ PATRICIA A. REDMOND
PATRICIA A. REDMOND, ESQ.
Florida Bar Number 303739
predmond@stearnsweaver.com
RYAN M. WOLIS, ESQ.
Florida Bar Number 1019034
rwolis@stearnsweaver.com

**STEARNS WEAVER MILLER**
**WEISSLER ALHADEFF & SITTERSON, P.A.**
Museum Tower, Suite 2200
150 West Flagler Street
Miami, Florida 33130
Telephone:   (305) 789-3200

*Counsel for Interpleader Plaintiff, Thomas T. McClendon, as Liquidating Trustee of the Galardi Creditor Trust*