UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Case No. 23-22893-CIV-BECERRA

THOMAS T. MCCLENDON, AS LIQUIDATING TRUSTEE OF THE GALARDI CREDITOR TRUST,

v.

RASHEEDAH MAYS; TIFFANY THOMPSON; ASTRID GABBE; LAW OFFICE OF ASTRID E. GABBE, P.A.; AINSWORTH DUDLEY; DUDLEY LAW, LLC,

Defendants.

## DEFENDANT RASHEEDAH MAYS' RESPONSE TO CHRIS KOSACHUK'S MOTION TO STRIKE GABBE'S VOLUNTARY DISMISSAL WITH PREJUDICE

COMES NOW Defendant Rasheedah Mays, by and through the undersigned counsel, and files this, her Response to Chris Kosachuk's "Motion to Strike Gabbe Voluntary Dismissal With Prejudice" and shows this Honorable Court the following:

### I.   FACTUAL BACKGROUND

The instant interpleader was initiated by Plaintiff Thomas McClendon, Trustee for the Galardi Creditors Trust, in a dispute regarding an alleged contingency fee agreement by and between Defendant Rasheedah Mays (hereinafter "Mays") and Astrid Gabbe and the Law Office of Astrid E. Gabbe, P.A. (hereinafter collectively "Gabbe Parties"). [D.E. 1]. Gabbe Parties filed initial disclosures on or about September 12, 2023 [D.E. 33], outlining the various witnesses and documents they deemed relevant to the instant interpleader. Gabbe Parties did not identify, disclose or provide a copy of a purported contingency fee agreement between Mays and Gabbe

Parties. Gabbe Parties filed an answer and counterclaim to the interplead funds and for judgment against Mays on November 6, 2023. [D.E. 60]. Mays, proceeding pro se, filed an answer on November 9, 2023, denying the existence of a contingency fee agreement, opposing the multiple charging liens filed by the Gabbe Parties and requesting an emergency hearing. Mays filed another answer on November 13, 2023, after she retained local counsel. Attorney Akemon subsequently entered an appearance on behalf of Mays via *pro hac vice* application. Pursuant to this Court's instructions, Mays filed an amended answer to the interpleader, an answer to Gabbe Parties' cross claims and also filed her own cross claim against the Gabbe Parties on November 21, 2023. To date, Gabbe Parties have not filed an answer to Mays' cross claim. [D.E 91]. By virtue of the Gabbe Parties' failure to respond to Mays' cross claim, all allegations contained in said cross claim are now deemed admitted. Mays' amended answer again denied the existence of a contingency fee agreement, disclosed that the Gabbe Parties withdrew from representation in *Milner et al. v. Teri Galardi and Fly Low, Inc.*, 20-cv-23230, Cannon-Otazo-Reyes ("Milner Case"), and that the Gabbe Parties did not represent Mays in the matter of *In re Teri Galardi* 22-50035, the bankruptcy case which led to Mays' recovery for violations of the Florida Minimum Wage Act. Mays also maintained that each and every lien filed by the Gabbe Parties was a violation of the automatic stay and void *ab initio* and that none of the alleged work performed by the Gabbe Parties contributed to Mays' recovery.

The Gabbe Parties filed a motion for substitution, requesting that the Court substitute Chris Kosachuk (hereinafter "Kosachuk") for Gabbe as a party. [D.E. 109]. The Court denied the Gabbe Parties' motion for substitution. Gabbe was noticed for a deposition on two separate occasions but failed to attend the two duly noticed depositions. Mays attempted to depose Gabbe for a third time but was unable to due to the interference of Kosachuk. Because Gabbe failed to attend two

depositions and Kosachuk interfered with the third deposition, the Court ordered that Gabbe sit for a fourth deposition on January 8, 2024, which Kosachuk was not permitted to attend. [D.E. 131]. On January 8, 2024, Gabbe attended the scheduled deposition but failed to complete the deposition after Kosachuk interrupted the deposition. On January 12, 2024, Mays filed a Motion for Sanctions for Gabbe's violations of this Court's previous orders. [D.E. 159]. That same day, the Gabbe Parties filed a Motion for Joinder which attempted to join Kosachuk as a party. [D.E. 164]. On January 16, 2024, the Court entered a paperless order granting Mays' requests for attorney's fees and costs due to Gabbe's multiple failures to attend her scheduled depositions. [D.E. 170]. On January 19, 2024, the Court denied the Gabbe Parties' Motion for Joinder. [D.E. 172]. On February 2, 2024, Gabbe filed a response to Mays' Answer to Gabbe's Verified Motion for Judgment on the Pleadings. [ECF 189]. In that response, Gabbe informed the Court that she filed a Notice of Striking of the Notice of Filing of the Assignment to Kosachuk. On March 12, 2024, Kosachuk filed a Motion to Intervene in the case based on the purported assignment from Gabbe, the same assignment that Gabbe struck from the record. [ECF 188].

On March 18, 2024, this Court held a status conference whereby the Gabbe Parties and Mays announced to the Court that they reached a settlement on all issues. The Gabbe Parties then orally dismissed their claims against the interplead funds with prejudice. Kosachuk addressed the Court, arguing that Gabbe did not have the right to dismiss her claims against the Interplead funds, that he had a Motion to Intervene pending, and he also requested that the Court stay its ruling until he had the opportunity to brief the issue. The Court denied Kosachuk's request for stay and agreed that all pending motions were moot as a result of the settlement of the parties. On March 25, 2024, the Gabbe Parties filed a Voluntary Dismissal with Prejudice of all claims against the interplead funds and Defendant Mays. [ECF 210]. The following day, Kosachuk filed a Motion for Summary

Judgment and a Motion to Strike Gabbe's Voluntary Dismissal with Prejudice. [ECF 215 and 216]. On March 27, 2024, Plaintiff's counsel filed a Stipulation for Interpleader Plaintiff's Discharge and Award of Attorney's Fees and Costs. [ECF 218]. All remaining parties in the instant case consented to Plaintiff's Discharge. Kosachuk's Motion has not been granted and he has never been a party to this case.

## II.   ARGUMENT AND CITATION OF AUTHORITY

Mr. Kosachuk lacks standing to file any motion including the instant Motion to Strike. As stated above, Defendants Gabbe and Mays reached a settlement on all outstanding issues on March 18, 2024, which rendered all outstanding motions moot, including Mr. Kosachuk's Motion to Intervene. On March 18th this court strongly advised Mr. Kosachuk that it could not rule on his motion to intervene as the parties have resolved all outstanding issues. To date, the court has not ruled on Mr. Kosachuk's motion to intervene, therefore he continues to be a non-party in this action. Despite explicit directions from the court Mr. Kosachuk continued to file documents in this case including a motion to strike and a motion for summary judgement. As this court previously noted in denying Gabbe and Mr. Kosachuk's motion for joinder, "[b]ecause Mr. Kosachuk is not a party to this action, his joinder in any motions filed with the Court is improper." [ECF 172]. The same is true here as the court has not granted his motion to intervene. Mr. Kosachuk is not a party to this action and thus the filing of any motion in this case including his motion to strike is improper.

### A. Mr. Kosachuk is a Non-Party and Therefore Lacks Standing to File Anything in This Case, Including a Motion to Strike.

Kosahcuk's lack of standing is fatal to his motion to strike. "The most notable—and most fundamental—limits on the federal 'Judicial Power' are specified in Article III of the Constitution,

4

which grants federal courts jurisdiction only over enumerated categories of 'Cases' and 'Controversies.' This case-or-controversy requirement comprises three familiar "strands": (1) standing, (2) ripeness, and (3) mootness." *Gardner v. Mutz*, 962 F.3d 1329, 1336 (11th Cir. 2020) (citations omitted).

The party invoking the jurisdiction of a federal court bears the burden of establishing these elements to the extent required at each stage of the litigation. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). Because lack of standing deprives the court of its constitutional power to adjudicate the parties' dispute, it can be raised by either party, or "by a court on its own initiative, at any stage in the litigation." *Arbaugh v. Y&H Corp.*, 546 U. S. 500, 506 (2006); see also *Gardner*, supra, at 1337 (standing requirement "limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong."). For this same reason, a district court is required to satisfy itself of a party's standing before proceeding to consider the merits of the claims. Gardner, supra, at 1336.

There are three elements to establish standing. There must be an injury-in-fact (an invasion of an interest that is both concrete and particularized, and actual or imminent), a causal connection between the plaintiff's injury and the challenged action of the defendant, and a likelihood (not merely speculation) that a favorable judgment will redress the plaintiff's injury. *Gardner*, supra, at 1338 (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)). A plaintiff must satisfy all three elements to establish standing. Id. "Article III standing must be determined as of the time that the plaintiff's complaint is filed." *A&M Gerber Chiropractic LLC v. GEICO Gen. Ins. Co.*, 925 F.3d 1205, 1212 (11th Cir. 2019).

### 1. Kosachuk Cannot Show an Injury in Fact, Therefore He Lacks Standing.

As stated above, the instant interpleader arose out of a dispute between the Gabbe Parties, and their representation of Mays in a Florida Minimum Wage Act claim against Teri Galardi and Fly Low, Inc.  The Gabbe Parties alleged that they had a valid contingency fee agreement with Mays while Mays disputes the existence of the same.  As such, the Gabbe Parties alleged that they were entitled to certain sums, specifically an attorney contingency fee from funds secured by the creditor's committee from the Galardi Creditor's Trust.  As this Court is well aware, Kosachuk is not an attorney and has been admonished several times for attempting to participate in these proceedings by sitting with the attorney and speaking during hearings.  Kosachuk's claim as a potential party is rooted in his mistaken belief that the Gabbe Parties can transfer their alleged claims to him via an assignment of claim filed in the matter of Milner et al. v. Teri Galardi and Fly Low, Inc., 20-cv-23230, Cannon-Otazo-Reyes.  However, the Florida Bar Rules, specifically Rrule 4-5.4, prohibit the sharing of attorney's fees with non-lawyers.  Rule 4-5.4 states in part "[a] lawyer or law firm shall not share legal fees with a nonlawyer."

Here, because the dispute was over alleged attorney's fees owed to the Gabbe Parties by Mays and Kosachuk is prohibited from sharing in any attorney's fees with the Gabbe Parties, Kosachuk has not claimed and cannot legally and ethically claim an injury in fact as the alleged contract and assignment by and between the Gabbe Parties and Kosachuk is void as a matter of public policy. ("A contract that contravenes an established interest of society can be found to be void as against public policy.") American Casualty Co. v. Coastal Caisson Drill Co., 542 So.2d 957, 958 (Fla. 1989); City of Miami v. Benson, 63 So.2d 916 (Fla. 1953).  Kosachuk's lack of injury is fatal to his claims as he lacks standing and his Motion to Strike must be denied.

### 2. A Causal Connection Does Not Exist Between Kosachuk's alleged Injury and the Actions of Defendants Gabbe and/or Mays.

Kosachuk lacks standing because he has not suffered any alleged injury, therefore no causal connection exists between the actions of the Gabbe Parties and/or Mays and the alleged injury. The Gabbe Parties and Defendant Mays reached a global settlement in this interpleader action. Gabbe agreed to dismiss her claims against Mays and the interplead funds and Mays was to be the recipient of said interplead funds. In short, Gabbe agreed to not receive any interplead funds. Again, this dispute arose out of the Gabbe Parties' claims that they are owed an attorney contingency fee for representation in the Milner matter. Kosachuk was not a party in the Milner matter, was not an attorney in that matter, and his only claim is that the Gabbe Parties assigned the alleged contingency fee owed by Mays to him. A causal connection does not exist between Kosachuk's alleged injury and dispute between the Gabbe Parties and Mays regarding an alleged contingency fee dispute. As stated above, the Gabbe Parties cannot share in any contingency fee with a non-lawyer. As there is no causal connection between the alleged injury suffered by Kosachuk and the Gabbe Parties and/or Mays, Kosachuk lacks the requisite standing to file a motion to strike as a non-party and his motion must be denied as a matter of law.

### I.   CONCLUSION

Kosachuk's motion must be denied for the reasons stated above. Specifically, Kosachuk's lacks standing to file anything in this case including his motion to strike. For those reasons, Defendant Mays respectfully requests an order denying Kosachuk's Motion to Strike and to award Mays attorney's fees and costs associated with responding to Kosachuk's frivolous motion.

This 8th day of April, 2024.

/s/ **Rashad Taylor**
Rashad Taylor, Esquire
FBN: 87965
11820 Miramar Parkway, Suite 220
Miramar, FL 33025
Telephone: (954) 801-4673
Email: rashadtaylorlaw@gmail.com

/s/ Michael Akemon
Michael Akemon
*Pro Hac Vice* (Ga. Bar 434260)
The Richards Law Group, LLC
P.O. Box 360295
Decatur, GA 30036
Telephone: 404-289-6816
Facsimile: 404-795-0727
Attorney for Defendant Mays

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I served the foregoing Response to Chris Kosachuk's Motion to Strike via electronic service via all parties of record.

/s/ **Rashad Taylor**
Rashad Taylor, Esquire
FBN: 87965
11820 Miramar Parkway, Suite 220
Miramar, FL 33025
Telephone: (954) 801-4673
Email: rashadtaylorlaw@gmail.com


/s/ Michael Akemon
Michael Akemon
*Pro Hac Vice* (Ga. Bar 434260)
The Richards Law Group, LLC
P.O. Box 360295
Decatur, GA 30036
Telephone: 404-289-6816
Facsimile: 404-795-0727
Attorney for Defendant Mays