UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-22893-CIV- BECERRA

THOMAS T. MCCLENDON, as Liquidating
Trustee of the Galardi Creditor Trust,

    Plaintiff,
v.

RASHEEDAH MAYS; TIFFANY THOMPSON; ASTRID GABBE; LAW OFFICE OF ASTRID E. GABBE, P.A.; AINSWORTH DUDLEY; DUDLEY LAW, LLC

    Defendants,

and

CHRISTOPHER KOSACHUK,

    Pending Intervenor.
_____/



FILED BY _____ D.C.
APR 15 2024
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

**PENDING INTERVENOR CHRISTOPHER KOSACHUK'S REPLY TO OPPOSITION TO MOTION TO STRIKE ASTRID E. GABBE AND THE LAW OFFICE OF ASTRID E. GABBE, P.A.'S VOLUNTARY DISMISSAL WITH PREJUDICE [DOC. 221]**

Christopher Kosachuk ("Kosachuk" or "Movant") respectfully replies to the opposition of Rasheedah Mays to the Motion to Strike Voluntary Dismissal with Prejudice filed by Astrid E. Gabbe and the Law Office of Astrid E. Gabbe, P.A. [Doc. 221], (the "Opposition"), and alleges as follows:

As an initial matter, no party has opposed undersigned's pending Motion to Intervene filed on March 12, 2024. [Doc. 203], which also attached the assignment from Ms. Gabbe to undersigned. Responses were due on March 26, 2024 and no party responded or opposed the

requested relief. No party has requested an extension of time to file opposition either. As such, the Court may grant the Motion to Intervene as unopposed.

Ms. Mays completely ignores the Federal Rules of Civil Procedure and 11th Circuit Court of Appeals case law. The Federal Rules of Civil Procedure prevent a voluntary dismissal after parties have appeared in the action. Fed. R. Civ. P. 41(a)(1)(A)(ii); *See City of Jacksonville v. Jacksonville Hosp.Holdings, L.P.*, 82 F.4th 1031, 1034 (11th Cir. 2023) (explaining that "all parties" refers to all parties who have appeared in this lawsuit, not just the parties involved in the dismissal, including parties who have appeared but have already been removed from the action. Tiffany Thompson, Ainsworth Dudley, Dudley Law, LLC and pending intervenor Kosachuk [*see* Doc. 203] have appeared in the action and have not signed on to the dismissal with prejudice.

Thereafter Ms. Mays argues that undersigned lacks standing. The Eleventh Circuit recently opined on the issue of standing in the case of *Breland v. the United States*, 989 F.3d 919 (11th Cir. 2021), which stated: "Existing standing doctrine requires a plaintiff to demonstrate (1) an actual (or imminent), concrete, and particularized injury-in-fact (2) that is fairly traceable to the defendant's challenged action and (3) that is likely redressable by a favorable decision. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 180-81, 120 S. Ct. 693, 145 L. Ed. 2d 610 (2000)." *Id.* at 922.

A cursory review of the docket proves that undersigned indeed has standing. Ms. Gabbe and her law office assigned all her rights in this action, the interpleaded funds and the underlying charging lien to undersigned. As such, Ms. Gabbe has no authority to dismiss a case where she no longer has any interest. If this Court were to dismiss this case, then undersigned's imminent, concrete and particularized injury-in-fact becomes actual, thus satisfying the first criterion.

Ms. Gabbe and Ms. Mays' actions have caused this injury-in-fact and it is clearly redressable by a decision awarding undersigned the $96,120.

Ms. Mays relies on a spurious argument that the Rules Regulating the Florida Bar somehow prohibit Ms. Gabbe's assignment to undersigned on the delinquent debt owed to her and her firm but do not cite any statute or case law to support this frivolous argument because no such prohibition exists. Any lawyer is free to assign their delinquent account receivables to a non-attorney for collection. Indeed, the Florida Bar has made this clear in several published advisory opinions. [*See Opinion 72-43* and *Opinion 95-3*].

**WHEREFORE,** Christopher Kosachuk respectfully requests that the Court grant his Motion to Strike and strike the Notice of Voluntary Dismissal with Prejudice. [ECF No. 210].

Dated April 12, 2024

Respectfully submitted,

Chris Kosachuk
*Pro Se Pending Intervenor and Transferee of Interpleader Defendants & Counter Claim Plaintiffs Astrid E. Gabbe and the Law Office of Astrid E. Gabbe*
854 Pheasant Run Rd.
West Chester, PA 19382-8144
(305) 490-5700
chriskosachuk@gmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of April 2024 a true and correct copy of foregoing was mailed to the Clerk who will electronically file it with the Court's CM/ECF system, which will electronically serve a copy of the foregoing document on all counsel of record and served on all parties via email by the undersigned.

|  | Chris Kosachuk<br>*Pro Se Pending Intervenor and Transferee of Interpleader Defendants & Counterclaim Plaintiffs Astrid E. Gabbe and the Law Office of Astrid E. Gabbe*<br>854 Pheasant Run Rd.<br>West Chester, PA 19382-8144<br>(305) 490-5700<br>chriskosachuk@gmail.com |
|---|---|

## SERVICE LIST

### Via CM/ECF/EMAIL/FIRST-CLASS MAIL

Patricia Redmond, on behalf of Thomas McClendon
predmond@stearnsweaver.com

Ryan Wolis, Esq. on behalf of Thomas McClendon
rwolis@stearnsweaver.com

Carlos Leach, on behalf of Dudley Law, LLC
cleach@theleachfirm.com

Rashad A Taylor, Esq. on behalf of Rasheedah Mays
rashadtaylorlaw@gmail.com

Michael Akemon, Esq. on behalf of Rasheedah Mays
mutepe.akemon@richardslegal.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-22893-CIV- BECERRA

THOMAS T. MCCLENDON, as Liquidating
Trustee of the Galardi Creditor Trust,

    Plaintiff,

v.

RASHEEDAH MAYS; TIFFANY THOMPSON; ASTRID GABBE; LAW OFFICE OF ASTRID E. GABBE, P.A.; AINSWORTH DUDLEY; DUDLEY LAW, LLC

    Defendants,

and

CHRISTOPHER KOSACHUK,

    Pending Intervenor.

_____/

## PENDING COUNTER CLAIM PLAINTIFF-INTERVENOR CHRISTOPHER KOSACHUK'S REPLY TO THE RASHEEDAH MAY RESPONSE TO THE MOTION FOR SUMMARY JUDGMENT [ECF NO. 222]

Christopher Kosachuk ("Kosachuk" or "Movant") respectfully replies to the opposition of Rasheedah Mays to the Motion for Summary Judgment [ECF No. 222], (the "Opposition"), and alleges as follows:

Ms. Mays argues that undersigned's Motion for Summary Judgment is untimely based upon the deadline of March 22, 2024 from the Amended Scheduling Order to file a motion for summary judgment. However, this argument misses the mark because Ms. Gabbe and the Law Office of Astrid E. Gabbe, P.A.'s motion for summary judgment [ECF No. 197] was timely filed on March 8, 2024 and pending when undersigned adopted and joined the Motion on March 25,

2024. [ECF No. 215]. Opposition was due on or before March 22, 2024 and a reply to the Motion was due on or before March 29, 2024. Ms. Gabbe's Motion for Summary Judgment was timely filed and pending when undersigned adopted same, thus undersigned's Motion for Summary Judgment is also timely. It is rather hypocritical to allege untimeliness when in fact Ms. May's opposition was untimely because it was filed on April 9, 2024 when it was due on April 8, 2024.

Next, Ms. Mays argues that undersigned lacks standing which is demonstrably false and already addressed in the Reply to the opposition on the Motion to Strike.

Finally, Ms. Mays argues that the Motion for Summary Judgment failed to comply with Rule 56.1(b)(1)(B), which is the pinpoint reference to the record in the statement of material facts. It is quite obvious that counsel for Ms. Mays failed to read the Statement of Material facts [ECF No. 198] because it complies and provides the necessary citations to the record.

**WHEREFORE,** Christopher Kosachuk respectfully requests that the Court grant his Motion for Summary Judgment [ECF No. 215] and enter final judgment in his favor against the interpleaded funds and Rasheedah Mays.

Dated April 12, 2024

Respectfully submitted,

|  | Chris Kosachuk<br>*Pro Se Pending Intervenor*<br>854 Pheasant Run Rd.<br>West Chester, PA 19382-8144<br>(305) 490-5700<br>chriskosachuk@gmail.com |
|---|---|

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of April 2024 a true and correct copy of foregoing was mailed to the Clerk who will electronically file it with the Court's CM/ECF system, which will electronically serve a copy of the foregoing document on all counsel of record and served on record parties via email by the undersigned.

|  | Chris Kosachuk<br>*Pro Se Pending Intervenor and Transferee of Interpleader Defendants & Counterclaim Plaintiffs Astrid E. Gabbe and the Law Office of Astrid E. Gabbe*<br>854 Pheasant Run Rd.<br>West Chester, PA 19382-8144<br>(305) 490-5700<br>chriskosachuk@gmail.com |
|---|---|

## SERVICE LIST

### Via CM/ECF/EMAIL/FIRST-CLASS MAIL

Patricia Redmond, on behalf of Thomas McClendon
predmond@stearnsweaver.com

Ryan Wolis, Esq. on behalf of Thomas McClendon
rwolis@stearnsweaver.com

Carlos Leach, on behalf of Dudley Law, LLC
cleach@theleachfirm.com

Rashad A Taylor, Esq. on behalf of Rasheedah Mays
rashadtaylorlaw@gmail.com

Michael Akemon, Esq. on behalf of Rasheedah Mays
mutepe.akemon@richardslegal.com

FROM
FedEX Office (305) 383-3550
13901 SW 88th St
Miami FL 33186
US

SHIP DATE: 12APR24
ACTWGT: 0.08 LB
CAD: 251115902/WSXI3600

BILL 3rd PARTY

TO Clerk of Court
400 N. Miami Ave 8th Floor
Miami FL 33128
(305) 490-5700
INV:
PO: REF:
DEPT:

(US) 583J6/0FEC/9AE3

FedEx Ground

G

TRK# 2733 5133 1681

33128

9622 0417 3 (000 000 0000) 0 00 2733 5133 1681

This envelope is only for FedEx Express® shipments.
You can help us get your package safely to its destination by packing your ... Need help? Go to **fedex.com/packaging** for packing tips.
... FedEx Service

Made from 100% recycled paperboard

CLERK OF COURT
400 N MIAMI AVE
FL 8
MIAMI FL
33128-1801-99
G
SP:PD:100:V
ETP: 4
101-1069

CLERK OF COURT
400 N MIAMI AVE
FL 8
MIAMI FL
(771) 04/13-04/1
CLOSED
ETP: 1
CL:PD:10


