UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-22893-JB

THOMAS T. McCLENDON, as Liquidating Trustee of the Galardi Creditor Trust,

    Plaintiff,
v.

RASHEEDAH MAYS; ASTRID GABBE; LAW OFFICE OF ASTRID E. GABBE, P.A.; AINSWORTH DUDLEY; DUDLEY LAW, LLC,

    Defendants.
_____/

## ORDER OF DISMISSAL

On March 18, 2024, Defendants/Counter-Claimants Astrid E. Gabbe and the Law Office of Astrid E. Gabbe (together, the "Gabbe Parties") made an *ore tenus* motion in open court to dismiss their claims against the interpleaded funds and Defendant/Counter-Defendant Rasheedah Mays with prejudice pursuant to an earlier settlement agreement entered into between the Gabbe Parties and Mays. ECF No. [212] at 6-8. As part of this settlement, the Gabbe Parties also agreed that any interpleaded funds remaining after payment of Interpleader Counsel's attorneys' fees and costs will be disbursed to Mays' counsel. *Id*. at 6. The Court granted the Gabbe Parties' *ore tenus* motion and dismissed the claims between the Gabbe Parties and Mays with prejudice.[1] *Id*. at 8.

---

[1] On March 12, 2024, non-party Christopher Kosachuk filed a Motion to Intervene based upon an alleged assignment of the Gabbe Parties' interest in the interpleaded

Pursuant to the Court's direction, the Gabbe Parties later documented their dismissal request in writing, specifying that they are dismissing their claims against the interpleaded funds and Mays with prejudice, as well as dismissing their respective charging liens with prejudice. ECF No. [210].

On March 27, 2024, Interpleader Plaintiff, Mays, and the Gabbe Parties stipulated that:

> Interpleader Plaintiff shall be awarded $32,500 for his attorneys' fees and costs incurred in this interpleader action, an amount to be deducted or disbursed from the interpleaded funds in the Court's registry, and paid directly to Interpleader Plaintiff's counsel, Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A., which counsel has agreed to accept in full satisfaction of their fees and costs representing Interpleader Plaintiff. The Parties further stipulate that all remaining interpleaded funds in the court's registry shall be released to Michael Akemon, counsel for Defendant Rasheedah Mays. In connection with the Parties' mutual releases, the Parties stipulate and agree to Interpleader Plaintiff's discharge from this action with prejudice.

ECF No. [218] at 2. On June 30, 2024, all parties who have appeared in this action, namely, Interpleader Plaintiff, Mays, the Gabbe Parties, and previously terminated

---

funds. ECF No. [203]. The validity of the alleged assignment is questionable for a number of reasons, not the least of which is the Gabbe Parties' changing legal positions concerning the alleged assignment. *See* ECF Nos. [109], [188], [189] at 2. In any event, the Motion to Intervene has no bearing on dismissal because the Motion was not ripe when the Gabbe Parties made, and Court granted, their *ore tenus* motion to dismiss. To the extent that Mr. Kosachuk believes that the Gabbe Parties improperly settled or dismissed their claims, he is not left without recourse as he may proceed against them in a separate action for breach of the alleged assignment, provided of course that there is legal and factual support for such a cause of action.

defendants Dudley Law, LLC, Ainsworth G. Dudley and Tiffany Thompson,[2] stipulated to "the dismissal with prejudice of any claims in this action by or against the Gabbe Parties, Mays and the interpleaded funds."  ECF No. [225].

Upon due consideration of the foregoing and the relevant legal authorities, the Court concludes that dismissal is warranted under both Rule 41(a)(1) and 41(a)(2) of the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 41(a)(1) ("Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing . . . a stipulation of dismissal signed by all parties who have appeared."); Fed. R. Civ. P. 41(a)(2) ("Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." ); *see also*, *City of Jacksonville v. Jacksonville Hospitality Holdings, L.P.*, 82 F. 4th 1031, 1039 n.6 (11th Cir. 2023) (recognizing that stipulations which did not comply with Rule 41(a)(1) but which

---

[2] Despite the fact that Mr. Kosachuk is not a party to this action, he nonetheless filed an Affidavit and a Motion to Strike the Stipulation of Dismissal, asserting that counsel for Defendant Rasheedah Mays fraudulently included Ms. Thompson's signature on the Stipulation.  ECF Nos. [226], [231].  While the Court will not repeat the scurrilous accusations that Mr. Kosachuk made, one example of his meritless assertions is that Ms. Thompson "did not sign the Stipulation submitted to the Court containing her /s/ signature and it is a sham notice of consent to electronic filing of signatures because I spoke to Ms. Thompson who confirmed same . . . ."  ECF No. [231] at ¶ 3.  However, Ms. Thompson filed a "Response to Chris Kosachuk's Filings" stating that "Mr. Kosachuk is making statements on my behalf that had no basis in our conversation."  ECF No. [238].  Further, counsel for Defendant Mays filed email correspondence in which he asks all parties for their consent to file a stipulation of dismissal, and Ms. Thompson responds that "I agree…Tiffany Thompson."  ECF No. [233-1].  Thus, even if the Court considered Mr. Kosachuk's filings despite his status as a non-party, they do not call into question the validity of the Stipulation because Mr. Kosachuk's assertions are unfounded and specious.

"were followed by orders by the district court granting the dismissal" could be "treat[ed] as functional Rule 41(a)(2) dismissals.").

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Clerk of Court shall **DISBURSE $32,500.00** of the interpleaded funds currently in the Court's Registry to Interpleader Plaintiff's counsel, Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A., for Interpleader Plaintiff's attorneys' fees and costs incurred in this action, which counsel has agreed to accept in full satisfaction of their fees and costs representing Interpleader Plaintiff.

2. The Clerk of Court shall **DISBURSE** all remaining interpleaded funds in the Court's Registry, which total **$110,191.00**, to counsel for Defendant Rasheedah Mays, Michael Akemon of the Richards Law Group, located at P.O. Box 360295, Decatur, Georgia 30036.

3. This action is **DISMISSED WITH PREJUDICE** and all pending motions are **DENIED AS MOOT**.

4. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida this 24th day of July, 2024.

_____
**JACQUELINE BECERRA**
**UNITED STATES DISTRICT COURT JUDGE**