**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 23-22893-CIV- BECERRA**

THOMAS T. MCCLENDON, as Liquidating
Trustee of the Galardi Creditor Trust,

      Plaintiff,

v.

RASHEEDAH      MAYS;      TIFFANY
THOMPSON; ASTRID GABBE; LAW
OFFICE OF ASTRID E. GABBE, P.A.;
AINSWORTH DUDLEY; DUDLEY LAW,
LLC

      Defendants

_____/



**PENDING INTERVERNOR CHRISTOPHER KOSACHUK'S**
**MOTION FOR STAY OF ORDER OF DISMISSAL [DOC. 241] PENDING APPEAL**

      Chris Kosachuk ("Mr. Kosachuk" or "Movant"), *pro se*, files this Motion for Stay of the

Order of Dismissal [Doc. No. 241]  Pending Appeal, pursuant to Federal Rule of Civil Procedure

62 and Federal Rule of Appellate Procedure 8 and respectfully states:

**PRELIMINARY STATEMENT**

      Movant filed a Motion to Intervene in the above-mentioned orders on March 8, 2024.

[*See* Doc. 203].   This Motion for Stay is being filed to preserve the status quo and stop the

Clerk making any distributions of the money in the registry until all appellate rights are

adjudicated or time-barred.

**I.      STATEMENT OF FACTS**

      Gabbe is a Defendant and Counterclaim Plaintiff in this interpleader action because she

sought to enforce her uncontested attorney's charging lien from the case of *Milner et. al v. Galardi*,

Case No. 20-20230-CIV-CANNON [Doc. 200] against the interpleaded funds.

Gabbe represented interpleader defendants Tiffany Thompson and Rasheedah Mays in the *Milner Case* pursuant to contingency fee agreements to file claims against adult entertainment club owner Teri Galardi for violations of the Florida Minimum Wage Act. All the *Milner* plaintiffs were represented by Gabbe and all but Ms. Mays have paid or will pay their respective contingency fees from their respective distributions from the Galardi Creditors Trust being administered by the Liquidating Trustee and Interpleaded Plaintiff Thomas T. McClendon.

Interpleader Defendant, Ms. Thompson, was dismissed from this interpleader when she agreed to pay her contingency fee from her distributions from the Galardi Creditors Trust with the first distribution already received by Gabbe and Thompson. [*See* [Doc. 52] Stipulation for Dismissal Against Tiffany Thompson and [Doc. 54] Order Dismissing Defendant Tiffany Thompson].

On or about December 1, 2023, Gabbe transferred and assigned her uncontested charging lien to Kosachuk with notice recorded on the docket in the *Milner Case* on December 6, 2023. *See Milner et. al v. Galardi*, Case No. 20-20230-CIV-CANNON [Doc. 216].

On or about December 6, 2023, Gabbe filed a Notice of Filing of the assignment and transfer of her uncontested attorney charging lien from the *Milner* case and her rights to the interpleaded funds in this case. [*See* Doc 109].

On December 10, 2023, the Court acknowledged receipt of the assignment and directed undersigned counsel and Mr. Kosachuk to "file a motion for substitution pursuant to Federal Rule of Civil Procedure 25(c)…if the parties seek substitution of a transferee".

Because the interpleader was granted and because Gabbe no longer has any interest in the interpleaded funds, Ms. Gabbe had no authority to settle any claims or file any sort of dismissal via motion or stipulation.

Assignment is the transfer by an obligee (assignor) of some or all of its rights to receive performance under the contract typically, but not always, to a non-party (assignee) (*see Price v. RLI Ins. Co.*, 914 So. 2d 1010, 1013 (Fla. 5th DCA 2005); *Lauren Kyle Holdings, Inc. v. Heath-Peterson Const. Corp.*, 864 So. 2d 55, 58 (Fla. 5th DCA 2003); *Dept. of Rev. v. Bank of America*, 752 So. 2d 637, 642 (Fla. 1st DCA 2000); *Rose v. Teitler*, 736 So. 2d 122 (Fla. 4th DCA 1999); see also Restatement (Second) of Contracts § 317(1)).  When these rights are assigned, the assignor is no longer entitled to receive any benefits of the assigned rights, all of which are transferred to the assignee. *Id.* Kosachuk as the assignee had sole right to decide on any settlement or any dismissal.

On assignment, the assignor relinquishes its contractual entitlements *(see Continental Cas. Co. v. Ryan Inc. E., 974 So. 2d 368, 376 (Fla.2008)* (the court stating that once an assignment has been made, "the assignor no longer has a right to enforce the interest because the assignee has obtained all rights to the thing assigned*"); see also One Call Prop. Services Inc. v. Sec. First Ins. Co., 165 So. 3d 749, 752 (Fla. 4th DCA 2015)).*  As such, Ms. Gabbe, no longer had any rights in this instant action and could not make any sort of motion to dismiss the case or enter into any sort of settlement agreement.

On March 18, 2024, the Court conducted a Status Conference.  Attached hereto as Exhibit 1 is the transcript of the hearing.  A cursory review of the transcript reveals that Ms. Gabbe failed to comply with the Court's instructions.

On page 7 lines 24 to 25:  THE COURT:  Okay. So do you want me to accept this as an ore tenus motion [to dismiss].

On page 8 line 1: MS. GABBE: A what?

On page 8 lines 7 to 8:  THE COURT:  I will ask for purposes of the court record that you file it in writing as well.

However, Ms. Gabbe ignored this Court's instructions and never filed a motion to dismiss. The only documents that were filed were non-compliant stipulations of dismissal without all signatures of all parties who appeared in the case.  In fact, it was Mr. Akemon who filed the stipulations not Ms. Gabbe because Ms. Gabbe understood that she no longer had any rights in this matter because of the assignment to Movant.

On July 24, 2024, this Court entered an Order of Dismissal, attached hereto as Exhibit 2. Unfortunately, the Order of Dismissal is riddled with factual errors and references a transcript from March 18, 2024, not recorded on the docket but attached to this Motion as Exhibit 1.

On page 2 of Order of Dismissal, the Court claims that the Gabbe Parties "documented their dismissal request in writing, specifying that they are dismissing their claims against the interpleaded funds and Mays with prejudice, as well as dismissing their respective charging with prejudice. ECF No. [210]." However, ECF No. [210] attached hereto as Exhibit 3, is a Voluntary Dismissal With Prejudice, which cannot be done once parties have appeared in the action.  The Federal Rules of Civil Procedure prevent a voluntary dismissal after parties have appeared in the action.  Fed. R. Civ. P. 41(a)(1)(A)(ii); *See City of Jacksonville v. Jacksonville Hosp.Holdings, L.P.*, 82 F.4th 1031, 1034 (11th Cir. 2023) (explaining that "all parties" refers to all parties who have appeared in this lawsuit, not just the parties involved in the dismissal, including parties who have appeared but have already been removed from the action.  Tiffany Thompson, Ainsworth Dudley, Dudley Law, LLC and pending intervenor Kosachuk [*see* Doc. 203] have appeared in the action and have not signed on to the dismissal with prejudice.  The Court can't grant a motion to

dismiss which was never filed.    As such this Court erred in dismissing this action which is ripe for reversal on appeal.

### MEMORANDUM OF LAW CONCERNING STAY PENDING APPEAL

The legal standard for a Motion for Stay Pending Appeal, requires consideration of the following factors: (1) likelihood of success on the merits; (2) irreparable injury to the appellant if the stay is not granted; (3) substantial harm to the appellee if the stay is granted and (4) whether the public interest is served. *In re: Subacute Services, Inc.,* 2011 WL 5574879 (S.D. Fla. 2011) and *United States of America v. O'Callaghan*, 805 F. Supp. 2d 1321 (M.D. Fla. 2011).

### (1) Likelihood of success on the merits

This proceeding was commenced because of Attorney, Astrid E. Gabbe's uncontested charging lien against the distributions of Ms. Mays. Thomas T. McClendon, as Liquidating Trustee, specifically sought the following relief from this Court.  [*See* Doc. 1. ¶35].

Ms. Gabbe assigned her rights in this interpleader and the underlying charging lien to Movant.  Instead of adjudicating the adversary on the merits, this Court simply ignored the Motion to Intervene.  Then the Court granted Ms. Gabbe's ore tenus motion when Ms. Gabbe had no interest in the case and no authority to dismiss as she had previously assigned all her rights to Movant.

Thus, the first criterion is met.

### (2) Irreparable injury to the appellant if the stay is not granted

If Court Registry distributes the money that was interpleaded irreparable injury to Movant will ensue because Ms. Mays and her attorney Mr. Akemon will make off the proceeds.  The Court has ordered the check to be made payable to Mr. Akemon and he is an out of state attorney who could simply abscond with the funds leaving Movant without recourse.

In *In re First South Savings Association,* 820 F.2d 700, 704-705. (5th Circuit 1987) the

court held that, while an appellant can generally demonstrate irreparable harm by showing that the appeal is likely to be rendered moot, it must also show that the other parties to the appeal would not be harmed by a stay pending appeal. No party would be harmed by a stay, as this Court's continued supervision of the interpleaded funds until appellate rights are adjudicated or exhausted is appropriate. In this regard, Movant has shown the requisite irreparable harm while Ms. Mays and Mr. Akemon would not suffer any harm whatsoever by having to wait for an appellate decision.  Thus, the second criterion is met.

   (3) **Substantial harm to the Appellees if the stay is granted**

There is absolutely no harm to the appellees (Ms. Mays and Mr. Akemon) if the stay is granted because the money to be distributed will simply be held in the Court's registry where it has been for the past year.  Neither Ms. Mays nor Mr. Akemon will suffer any harm waiting for an adjudication of the appeal. The status quo will continue to be maintained so long as a stay is granted.  Thus, the third criterion is met.

   (4) **Whether the public interest is served**

The public interest is also served by granting a stay.  Under the current orders, the Court Clerk will distribute the interpleaded funds to Stearns Weaver and to Ms. Mays/Mr. Akemon.  The integrity of the system relies upon the simply enforcement of assignments such as the one from Ms. Gabbe to Movant.  To disregard the assignment is reversible error.

**No Bond Should Be Required**

The order under to be appeal is not a money judgment for which a supersedeas bond would be required. Furthermore, as the no one will suffer any harm from a stay as the status quo will be maintained.  Therefore, no bond should be required.

Where an appeal is taken from an order or judgment that is neither directly nor indirectly monetary in nature, the courts have found Rule 62(d)'s automatic stay provision inapplicable. For

example, in *NLRB v. Westphal*, 859 F.2d 818, 819 (9th Cir. 1988), the Ninth Circuit held that an employer appealing an order directing compliance with NLRB subpoenas was not entitled to an automatic stay of the order upon filing a supersedeas bond. *Id.* at 819. As explained by that Court,

> The posting of a bond protects the prevailing plaintiff from the risk of a later uncollectible judgment and compensates him for delay in the entry of the final judgment. When applied to a subpoena compliance order, this protection is largely meaningless... Rule 62(d) simply does not fit this situation.

*Id.*

Courts, however, possess authority under Rule 62 generally, and Rule 8(a) of the Federal Rules of Appellate Procedure, to stay the Orders pending appeal. *See J. Perez & Cia, Inc. v. United States*, 578 F. Supp. 1318, 1320 (D. Puerto Rico), *aff'd*, 747 F.2d 813, 815 (1st Cir. 1984) (noting that "federal courts have statutory or inherent power to stay judgments and orders pending appeal"). The Court of Appeals for the District of Columbia Circuit has noted that Rule 8(b) of the Federal Rules of Appellate Procedure, which authorizes the appellate courts to issue stays not conditioned on bond, implicitly supports this proposition. *See Federal Prescription Service, Inc. v. American Pharmaceutical Ass'n*, 205 U.S. App. D.C. 47, 636 F.2d 755, 760 (D.C. Cir. 1980). As the court explained, "if the appellate court has power to issue an unsecured stay, as Rule 8(b) clearly implies, then the district court must have that power also, if Rule 8(a) is to make sense." *Id.* The Court then concluded that "Rule 62(d) makes filing a supersedeas bond a condition precedent only if appellant seeks to obtain a stay as a matter of right; the Rule does not limit the district court's power to issue unsecured stays through an exercise of its sound discretion." *Id.* By virtue of Bankruptcy Rules 7062, this same is true for a bankruptcy judge.

In addition, this Court may grant a stay under Federal Rule of Civil Procedure 62(h) which reads:

> Stay with Multiple Claims or Parties. A court may stay the enforcement of

a final judgment entered under Rule 54(b) until it enters a later judgment or judgments, and may prescribe terms necessary to secure the benefit of the stayed judgment for the party in whose favor it was entered.

As such the Court has the discretion to enter stay of its orders pending appeal.

**WHEREFORE**, for the reasons set forth above, Mr. Kosachuk respectfully requests that the Court

grant his Motion for Stay of Order Pending Appeal and grant such other and further relief as the

Court deems appropriate.

Dated August 5, 2024

Respectfully submitted,

| | |
|---|---|
| | Chris Kosachuk |
| | *Pro Se Transferee of Interpleader Defendants & Counter Claim Plaintiffs Astrid E. Gabbe and the Law Office of Astrid E. Gabbe* |
| | 854 Pheasant Run Rd. |
| | West Chester, PA 19382-8144 |
| | (305) 490-5700 |
| | chriskosachuk@gmail.com |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of August 2024 a true and correct copy of foregoing was mailed to the Clerk who will electronically file it with the Court's CM/ECF system, which will electronically serve a copy of the foregoing document on all counsel of record and served on non-record parties via email and/or regular mail by the undersigned.

|  |  |
|---|---|
|  | Chris Kosachuk<br>*Pro Se Transferee of Interpleader Defendants & Counterclaim Plaintiffs Astrid E. Gabbe and the Law Office of Astrid E. Gabbe*<br>854 Pheasant Run Rd.<br>West Chester, PA 19382-8144<br>(305) 490-5700<br>chriskosachuk@gmail.com |

## SERVICE LIST

### Via CM/ECF/EMAIL/FIRST-CLASS MAIL

Patricia Redmond, on behalf of Thomas McClendon
predmond@stearnsweaver.com

Ryan Wolis, Esq. on behalf of Thomas McClendon
rwolis@stearnsweaver.com

Carlos Leach, on behalf of Dudley Law, LLC
cleach@theleachfirm.com

Rashad A Taylor, Esq. on behalf of Rasheedah Mays
rashadtaylorlaw@gmail.com

Michael Akemon, Esq. on behalf of Rasheedah Mays
mutepe.akemon@richardslegal.com

## EXHIBIT 1

| | |
|---|---|
| 1 | UNITED STATES DISTRICT COURT |
| | SOUTHERN DISTRICT OF FLORIDA |
| 2 | CASE NO. 23-CV-22893-JB |

4  THOMAS T. MCCLENDON,                    )  Pages 1-17
   as Liquidating Trustee of Galardi      )
5  Creditor Trust,                        )
                                          )
6                          Plaintiff,     )  Miami, Florida
                                          )
7                    vs.                  )
                                          )  March 18, 2024
8  RASHEEDAH MAYS, et al.,                )  2:00 P.M.
                                          )
9                          Defendants.

```
10

            TRANSCRIPT OF STATUS CONFERENCE
11     BEFORE THE HONORABLE JACQUELINE BECERRA
              UNITED STATES DISTRICT JUDGE
12


13

   APPEARANCES:
14
   For Defendant Mays:      MICHAEL AKEMON, ESQ.
15                          The Richards Law Group, LLC
                            P.O. Box 360295
16                          Decatur, Georgia  30036

17                          RASHAD A. TAYLOR, ESQ.
                            5205 Southwest 171st Avenue
18                          Miramar, Florida  33027

19
   For Defendant Gabbe:     ASTRID EVELYN GABBE, ESQ.
20                          The Law Office of Astrid E. Gabbe, PA
                            P.O. Box 4216
21                          Hollywood, Florida  33083

22 Also Present:            Chris Kosachuk

23
   Reported by:             VERNITA ALLEN-WILLIAMS
24 Vernita_Allen-Williams   Official Court Reporter
   @flsd.uscourts.gov       United States District Court
25 305.523.5048             400 North Miami Avenue
                            Miami, Florida  33128
```

STENOGRAPHICALLY RECORDED COMPUTER-AIDED TRANSCRIPT

| | |
|---|---|
| 02:15PM | 1 |
| 02:15PM | 2 |
| 02:15PM | 3 |
| 02:15PM | 4 |
| 02:15PM | 5 |
| 02:15PM | 6 |
| 02:15PM | 7 |
| 02:15PM | 8 |
| 02:15PM | 9 |
| 02:15PM | 10 |

THE COURTROOM DEPUTY:  Calling Case No. 23-CV-22893,
McClendon vs. Mays, et al.

Counsel, please state your appearances.

MS. GABBE:  I am Astrid Gabbe.

MR. AKEMON:  Attorney Michael Akemon on behalf of
Rasheedah Mays.

MR. TAYLOR:  Rashad Taylor on behalf of Rasheedah Mays.

THE COURT:  All right.  You may all be seated.  All
right.

I called this case for a status because we have a number
of scheduling things, for lack of a better word, to discuss.  So
as a preliminary matter, Ms. Gabbe, you had sent, and I'll put
this on the record, an e-mail to chambers on the weekend saying
that your lawyer was going to be entering a notice of
unavailability.

That is not what your lawyer entered.  He entered a
motion to withdraw from the case and made the representation that
you were aware that he was withdrawing.

MS. GABBE:  Yes, Your Honor.

THE COURT:  Okay.  So he has withdrawn.  You can
certainly continue to appear pro se for as long as you're a party
in the action.

Obviously, the law firm cannot appear pro se.  The law
firm has to have a lawyer, and so I issued that order this
morning.

| | | |
|---|---|---|
| 02:16PM | 1 | MS. GABBE:  Wait.  I couldn't hear everything.  I'm so |
| 02:16PM | 2 | sorry. |
| 02:16PM | 3 | THE COURT:  Why are you having trouble?  Is this |
| 02:16PM | 4 | microphone on? |
| 02:16PM | 5 | MS. GABBE:  I couldn't hear everything, Your Honor. |
| 02:16PM | 6 | THE COURT:  Is that better? |
| 02:16PM | 7 | MS. GABBE:  Much better. |
| 02:16PM | 8 | THE COURT:  Okay.  So you had sent an e-mail to chambers |
| 02:16PM | 9 | this weekend -- |
| 02:16PM | 10 | MS. GABBE:  Yes, I did Your Honor. |
| 02:16PM | 11 | THE COURT:  -- asking whether or not this hearing would |
| 02:16PM | 12 | be continued because your lawyer was unavailable.  And you said in |
| 02:16PM | 13 | your e-mail that your lawyer had said that he was filing a notice |
| 02:16PM | 14 | of unavailability. |
| 02:16PM | 15 | That is not what your lawyer had filed.  He filed a |
| 02:16PM | 16 | motion to withdraw from the case; and in the motion to withdraw he |
| 02:16PM | 17 | made it very clear that he had given you notice that he was |
| 02:17PM | 18 | withdrawing. |
| 02:17PM | 19 | MS. GABBE:  Okay. |
| 02:17PM | 20 | THE COURT:  So I responded to that e-mail by letting you |
| 02:17PM | 21 | know this. |
| 02:17PM | 22 | MS. GABBE:  I saw that, yes, Your Honor. |
| 02:17PM | 23 | THE COURT:  Did you not know he was moving to withdraw? |
| 02:17PM | 24 | MS. GABBE:  Did I what? |
| 02:17PM | 25 | THE COURT:  Did you not know he was moving to withdraw? |

STENOGRAPHICALLY RECORDED COMPUTER-AIDED TRANSCRIPT

02:17PM  1        MS. GABBE:  No, I wanted him to withdraw.  Actually, I

02:17PM  2   terminated his services.

02:17PM  3        THE COURT:  Okay.  Well, what you had represented to me

02:17PM  4   by e-mail was not that, right.

02:17PM  5        By e-mail you said that he was unavailable and you were

02:17PM  6   wondering whether the hearing would be continued because he was

02:17PM  7   unavailable.

02:17PM  8        MS. GABBE:  Right.

02:17PM  9        THE COURT:  That's a little different; isn't it, Ms.

02:17PM  10  Gabbe?

02:17PM  11       MS. GABBE:  I'm sorry.  If it was confusing, I apologize

02:17PM  12  but --

02:17PM  13       THE COURT:  It wasn't confusing; it was just incorrect.

02:17PM  14  And --

02:17PM  15       MS. GABBE:  Sorry.

02:17PM  16       THE COURT:  -- I find it a little troubling that you made

02:17PM  17  that representation to the Court.

02:17PM  18       But in any event, I have granted his motion to withdraw.

02:17PM  19       MS. GABBE:  I saw that.

02:17PM  20       THE COURT:  You, of course, in the order I entered this

02:17PM  21  morning, the law firm I think -- I forget what I gave -- ten days

02:17PM  22  or something like that to find a new lawyer because the law firm

02:18PM  23  can't proceed without counsel.  Okay.

02:18PM  24       And you will appear, you can obviously find another

02:18PM  25  lawyer, or you can obviously continue to appear unrepresented.

STENOGRAPHICALLY RECORDED COMPUTER-AIDED TRANSCRIPT

| | | |
|---|---|---|
| 02:18PM | 1 | You can appear pro se. |
| 02:18PM | 2 | So in the meantime we do have a couple of pending |
| 02:18PM | 3 | motions.  There is a motion for sanctions that was filed in |
| 02:18PM | 4 | January. |
| 02:18PM | 5 | MR. AKEMON:  Your Honor, I'm sorry for interrupting you. |
| 02:18PM | 6 | I wanted to make an announcement to the Court that may alleviate |
| 02:18PM | 7 | your announcements regarding the motions, if I may. |
| 02:18PM | 8 | THE COURT:  Okay. |
| 02:18PM | 9 | MR. AKEMON:  Thank you.  The parties -- may I approach? |
| 02:18PM | 10 | THE COURT:  Yes. |
| 02:18PM | 11 | MR. AKEMON:  The parties have reached a settlement |
| 02:18PM | 12 | agreement in this matter between the defendants. |
| 02:18PM | 13 | The settlement agreement does not include the plaintiff, |
| 02:18PM | 14 | which is Mr. McClendon.  As you, I'm sure you were going to go |
| 02:19PM | 15 | through this, but Mr. McClendon currently has a motion for |
| 02:19PM | 16 | discharge pending.  That motion was unopposed by Ms. Gabbe. |
| 02:19PM | 17 | I did not oppose the motion for discharge; however, I did |
| 02:19PM | 18 | file an opposition with respect to the amount of attorney's fees. |
| 02:19PM | 19 | I'm currently discussing that with plaintiff's counsel now.  I |
| 02:19PM | 20 | anticipate we will probably settle that within the next 7 to 10 |
| 02:19PM | 21 | business days. |
| 02:19PM | 22 | Our settlement agreement, I think, will make many of |
| 02:19PM | 23 | these motions moot for the Court so that everyone can move on. |
| 02:19PM | 24 | THE COURT:  And it will resolve the case? |
| 02:19PM | 25 | MR. AKEMON:  And it will resolve the case, Your Honor, |

STENOGRAPHICALLY RECORDED COMPUTER-AIDED TRANSCRIPT

02:19PM  1   yes.

02:19PM  2           THE COURT:  So this will be a settlement between you and

02:19PM  3   Ms. Gabbe and her firm?

02:19PM  4           MR. AKEMON:  My client, Ms. Mays, and Ms. Gabbe and her

02:19PM  5   firm, yes, Your Honor.

02:19PM  6           THE COURT:  And how many days do you need?

02:19PM  7           MR. AKEMON:  I already have a signed settlement agreement

02:19PM  8   with Ms. Gabbe.  Pursuant to the agreement, she is going to file a

02:19PM  9   dismissal with prejudice within seven days of today, because

02:19PM  10  that's what the agreement calls for.

02:20PM  11          Pursuant to this agreement, she will be disclaiming any

02:20PM  12  claims against the interpleader funds.

02:20PM  13          She's also agreed that those funds will be disbursed to

02:20PM  14  defendant's counsel for Ms. Mays, which is myself and my firm.

02:20PM  15          With respect to plaintiff's attorney's fees, I'm

02:20PM  16  currently discussing that with them, so that will be a separate

02:20PM  17  settlement agreement.

02:20PM  18          We have agreed to not seek sanctions against Ms. Gabbe

02:20PM  19  under Rule 11.  But we still believe that under this settlement

02:20PM  20  agreement it brings our motion for sanctions that was filed in

02:20PM  21  January is moot.

02:20PM  22          THE COURT:  Let me ask you a question.

02:20PM  23          MR. AKEMON:  All right.

02:20PM  24          THE COURT:  Are the parties asking the Court to retain

02:20PM  25  jurisdiction?

**STENOGRAPHICALLY RECORDED COMPUTER-AIDED TRANSCRIPT**

| | | |
|---|---|---|
| 02:20PM | 1 | MR. AKEMON:  Yes, Your Honor. |
| 02:20PM | 2 | THE COURT:  Okay.  And is there some paperwork that you |
| 02:20PM | 3 | still need to handle, or can Ms. Gabbe enter the dismissal with |
| 02:20PM | 4 | prejudice today? |
| 02:20PM | 5 | MR. AKEMON:  She can enter it today, if she can. |
| 02:20PM | 6 | THE COURT:  If you want to enter it in the open record, I |
| 02:21PM | 7 | will accept it in the open record and you can file something |
| 02:21PM | 8 | confirming it.  I don't even think you need to file anything. |
| 02:21PM | 9 | MR. AKEMON:  It would be my preference that she announces |
| 02:21PM | 10 | it to the Court on the record that she's withdrawing her claims |
| 02:21PM | 11 | with prejudice, that would be, I think, the most efficient way, |
| 02:21PM | 12 | Your Honor. |
| 02:21PM | 13 | THE COURT:  I'm happy to do that for you, Ms. Gabbe.  If |
| 02:21PM | 14 | you're prepared to in open court file an ore tenus motion of |
| 02:21PM | 15 | dismissal with prejudice -- |
| 02:21PM | 16 | MS. GABBE:  Yes. |
| 02:21PM | 17 | THE COURT:  -- I'll accept that. |
| 02:21PM | 18 | MS. GABBE:  I will do so. |
| 02:21PM | 19 | THE COURT:  Okay.  Is that what you're doing now, ma'am? |
| 02:21PM | 20 | MS. GABBE:  I think that's -- |
| 02:21PM | 21 | MR. AKEMON:  You have to speak up, Ms. Gabbe. |
| 02:21PM | 22 | MS. GABBE:  I think that's the best, that I file that |
| 02:21PM | 23 | today with the Court. |
| 02:21PM | 24 | THE COURT:  Okay.  So do you want me to accept this as an |
| 02:21PM | 25 | ore tenus motion? |

STENOGRAPHICALLY RECORDED COMPUTER-AIDED TRANSCRIPT

02:21PM   1          MS. GABBE:  A what?

02:21PM   2          THE COURT:  An ore tenus motion; an oral motion.  Are you

02:21PM   3   orally filing the motion now?

02:21PM   4          MS. GABBE:  Yes, I am orally making that motion.

02:21PM   5          THE COURT:  Okay.  So I'm going to grant the motion.

02:21PM   6          MS. GABBE:  Thank you.

02:21PM   7          THE COURT:  I will ask you for purposes of the court

02:21PM   8   record that you file it in writing as well.

02:21PM   9          The record will reflect that you've made the ore tenus

02:22PM  10   dismissal with prejudice.  I've granted that.

02:22PM  11          If you can go ahead and just file something.  Can you

02:22PM  12   file something today, ma'am?

02:22PM  13          MS. GABBE:  Yes, Your Honor.

02:22PM  14          THE COURT:  All right.  So we'll take care of that.  That

02:22PM  15   will be just to confirm it in writing.  But I will dismiss the

02:22PM  16   case as to Ms. Gabbe, the firm, and your client with prejudice.

02:22PM  17          MR. AKEMON:  Thank you, Your Honor.

02:22PM  18          THE COURT:  And then I'm going to give you seven days to

02:22PM  19   inform the Court as to whether or not you will be dismissing with

02:22PM  20   respect to Mr. McClendon; right?

02:22PM  21          MR. AKEMON:  Yes, Your Honor.

02:22PM  22          Are you talking to me or Ms. Gabbe?  I'm sorry.

02:22PM  23          THE COURT:  No, to you.

02:22PM  24          MR. AKEMON:  Okay.

02:22PM  25          THE COURT:  And that will resolve the case in toto; no?

STENOGRAPHICALLY RECORDED COMPUTER-AIDED TRANSCRIPT

02:22PM  1    MR. AKEMON:  Yes, it will, Your Honor -- well, I hate to

02:22PM  2  bring this up, but there is a pending motion by Mr. Kosachuk, who

02:22PM  3  is sitting in the back, on a motion to intervene in this case.

02:23PM  4    It's similar to the previously filed motions, which were

02:23PM  5  the motions for substitution and the motion --

02:23PM  6    THE COURT:  No, I understand there is a pending motion to

02:23PM  7  intervene, but it's not ripe.  So it needs a response, it needs a

02:23PM  8  reply.  I mean if Ms. Gabbe is dismissing her claim, right --

02:23PM  9    MS. GABBE:  Yes.

02:23PM  10    THE COURT:  -- and she's dismissing it with prejudice, I

02:23PM  11  think all pending motions would be moot.

02:23PM  12    MR. AKEMON:  I agree, Your Honor.  I just want to make

02:23PM  13  sure we're clear.

02:23PM  14    THE COURT:  I think all pending motions would be moot.

02:23PM  15    Sir, you're nodding your head that pending motions would

02:23PM  16  not be moot?

02:23PM  17    MR. KOSACHUKA:  May I approach?

02:23PM  18    THE COURT:  If you could go ahead and just give him the

02:23PM  19  podium, please.

02:23PM  20    MS. GABBE:  This should be interesting.

02:23PM  21    THE COURT:  Ms. Gabbe has dismissed the case with

02:23PM  22  prejudice.

02:23PM  23    MR. KOSACHUKA:  I'm well aware of that.  However, Ms.

02:23PM  24  Gabbe has assigned her rights to me previously with an assignment

02:23PM  25  that's recorded on the docket at Docket Entry 109.

STENOGRAPHICALLY RECORDED COMPUTER-AIDED TRANSCRIPT

| | |
|---|---|
| 02:23PM | 1 |
| 02:23PM | 2 |
| 02:23PM | 3 |
| 02:24PM | 4 |
| 02:24PM | 5 |
| 02:24PM | 6 |
| 02:24PM | 7 |
| 02:24PM | 8 |
| 02:24PM | 9 |
| 02:24PM | 10 |
| 02:24PM | 11 |
| 02:24PM | 12 |
| 02:24PM | 13 |
| 02:24PM | 14 |
| 02:24PM | 15 |
| 02:24PM | 16 |
| 02:24PM | 17 |
| 02:24PM | 18 |
| 02:24PM | 19 |
| 02:24PM | 20 |
| 02:24PM | 21 |
| 02:24PM | 22 |
| 02:24PM | 23 |
| 02:24PM | 24 |
| 02:25PM | 25 |

THE COURT:  We don't record assignments in the docket.

MR. KOSACHUKA:  I understand that.

THE COURT:  Excuse me, sir.  When I speak, you don't because the court reporter can't take both of us down, and she writes my stuff first is the way that works.  Okay.

I understand you have a pending motion.  If Ms. Gabbe is dismissing this case without prejudice -- or with prejudice rather and you have an assignment, then you might have an issue with Ms. Gabbe, but why is that an issue for the Court?

MR. KOSACHUKA:  Because she has no standing in order to dismiss the case because she's assigned the rights to me, and that's why the motion to intervene was filed.

So I think the Court is correct that the motion is not ripe for discussion yet because there is a response due next week, and once that motion is fully briefed, then the Court can make a decision.

But obviously and to the extent that the Court wants to dismiss the case, I guess it just creates a cause of action against Ms. Gabbe for me.  So I'm happy to go forward however the Court wants to proceed.  Thank you.

THE COURT:  Well, the way it works, sir, is that I have to follow the rules, right.

And so there is a pending motion.  It's a pending motion. But if Ms. Gabbe files a notice of dismissal with prejudice, which is what she's done here today, I don't have authority to hear your

| | | |
|---|---|---|
| 02:25PM | 1 | motion to intervene.  There is nothing for you to intervene on, |
| 02:25PM | 2 | because the case has been dismissed. |
| 02:25PM | 3 | MR. KOSACHUKA:  But she has no authority to do because |
| 02:25PM | 4 | she assigned away her rights previously. |
| 02:25PM | 5 | THE COURT:  Well, then you might have an issue with her |
| 02:25PM | 6 | in state court with respect to that.  I don't know, quite frankly, |
| 02:25PM | 7 | what consideration was given for the assignment. |
| 02:25PM | 8 | And I have to tell you -- I haven't researched the law, I |
| 02:25PM | 9 | was waiting to see how the case would be briefed -- I'm curious to |
| 02:25PM | 10 | see whether or not a lawyer or a law firm can assign a charging |
| 02:25PM | 11 | lien. |
| 02:25PM | 12 | MR. KOSACHUKA:  They absolutely can, Your Honor.  I've |
| 02:25PM | 13 | done the research. |
| 02:25PM | 14 | THE COURT:  Well, I haven't seen the research and you, I |
| 02:25PM | 15 | don't think, provide it to the Court in your motion, so it's |
| 02:25PM | 16 | really neither here nor there at this point.  Ms. Gabbe, like I |
| 02:25PM | 17 | said, has dismissed the case -- |
| 02:25PM | 18 | MS. GABBE:  Yes. |
| 02:25PM | 19 | THE COURT:  -- with prejudice.  I don't think I have |
| 02:25PM | 20 | authority to rule on a motion. |
| 02:25PM | 21 | I mean do you think I have authority to rule on a motion |
| 02:25PM | 22 | on a case that's been dismissed? |
| 02:26PM | 23 | MR. KOSACHUKA:  I believe that -- my position is -- I |
| 02:26PM | 24 | think my position is clear.  I think that Ms. Gabbe doesn't have |
| 02:26PM | 25 | the right to settle on a case where she's assigned her rights. |

02:26PM 1   And that's the simple problem here is that she, upon entry of the

02:26PM 2   assignment, the case is no longer hers.  It was proceeding in her

02:26PM 3   name; and then when she decided to fire her counsel and not allow

02:26PM 4   the case to proceed, that forced me to file the motion to

02:26PM 5   intervene.  I was happy to sit on the sidelines.

02:26PM 6         THE COURT:  But you don't get to sit on the sidelines.

02:26PM 7         So the first thing you tried to do, Judge Cannon didn't

02:26PM 8   allow you to do because this has not been procedurally done

02:26PM 9   correctly, you decided to file a motion to intervene now.  It's

02:26PM 10   not ripe.

02:26PM 11         Ms. Gabbe is the one who is the party until she is

02:26PM 12   substituted out; and your motion to substitute was not fully

02:26PM 13   briefed and wasn't ripe for the Court's consideration at the time

02:26PM 14   when she dismissed the case.

02:26PM 15         So you might have another cause of action.  I think I am

02:27PM 16   limited in what I can do, because it's a motion that's not ripe

02:27PM 17   for my consideration.

02:27PM 18         MR. KOSACHUKA:  I would ask the Court to stay ruling

02:27PM 19   until the motion to intervene is briefed and ruled upon, because

02:27PM 20   if the motion is granted --

02:27PM 21         THE COURT:  But I don't think I can do that.  I think

02:27PM 22   when a party files a notice of dismissal with prejudice, I'm not

02:27PM 23   sure there is much I can do.

02:27PM 24         MR. KOSACHUKA:  If I could have two weeks to brief?

02:27PM 25         THE COURT:  Absolutely not.

02:27PM   1          MR. KOSACHUKA:  Fair enough, Your Honor.

02:27PM   2          THE COURT:  You're not a party, and I can't give you

02:27PM   3   another two weeks to brief something.

02:27PM   4          Like I said, you might have a cause of action against Ms.

02:27PM   5   Gabbe at that point --

02:27PM   6          MR. KOSACHUKA:  I understand.

02:27PM   7          THE COURT:  -- but I don't see how there is a motion that

02:27PM   8   I can resolve.

02:27PM   9          MR. KOSACHUKA:  I understand.  Thank you.

02:27PM  10          THE COURT:  All right.  Anything else?

02:27PM  11          MR. AKEMON:  Just two additional items, Your Honor.

02:27PM  12          Just to make the Court aware, with respect to Mr.

02:27PM  13   Kosachuk's arguments, I won't get into the weeds with those, but

02:28PM  14   as of ECF 188, Ms. Gabbe filed a notice of striking of filing of

02:28PM  15   that assignment.  And she stated in her response that basically

02:28PM  16   that assignment is no longer valid because she struck it in a

02:28PM  17   response to her motion for judgment on the pleadings.  So that was

02:28PM  18   another motion that was pending, a motion on judgment on pleading

02:28PM  19   and things of that nature.  But that's -- I think that concludes

02:28PM  20   everything with respect to the settlement agreement.

02:28PM  21          I do want the Court -- I want to make the Court aware,

02:28PM  22   once again I hate to do this, but at the deposition in which Mr.

02:28PM  23   Kosachuk intervened or interfered with some time ago, he again

02:28PM  24   continues to engage in a pattern of practice of harassing not only

02:28PM  25   myself, but even this morning he harassed Ms. Gabbe.  And I've

02:28PM   1    never been in a position to try to protect Ms. Gabbe; I'm sure

02:28PM   2    this Court is aware of that. But to watch this gentleman follow

02:28PM   3    her around in the waiting area, it was quite frightening. I had

02:29PM   4    to get the bailiff involved. And another time when me and Ms.

02:29PM   5    Gabbe were engaged in settlement agreements, Mr. Kosachuk

02:29PM   6    intervened in those settlement negotiations and tried to

02:29PM   7    participate in those.

02:29PM   8          I just wanted to let the Court know that Mr. Kosachuk

02:29PM   9    continues to engage in this type of behavior.

02:29PM  10          THE COURT: I don't need to hear anything further on

02:29PM  11    this.

02:29PM  12          You know, before this case unfortunately has been fraught

02:29PM  13    with all sorts of allegations of this type. So I think the

02:29PM  14    easiest thing to do today is, Ms. Gabbe, I'm going to let you

02:29PM  15    leave the courtroom first, and then I'm going to ask, you know, go

02:29PM  16    to your car, you can go home, you can leave the courtroom.

02:29PM  17          I'm going to ask you, counsel, to just stay here.

02:29PM  18          Mr. Kosachuk, you can leave ten minutes after Ms. Gabbe

02:29PM  19    does, and then you can leave ten minutes after that. I don't want

02:29PM  20    anybody bumping into each other or anything else.

02:29PM  21          Yes, sir?

02:29PM  22          MR. KOSACHUKA: Given her slow mobility, may I leave

02:30PM  23    first? And I'm happy to walk out right now.

02:30PM  24          THE COURT: Go ahead.

02:30PM  25          MR. KOSACHUKA: Thank you, Your Honor. Have a good day.

| | | |
|---|---|---|
| 02:30PM | 1 | (He exited the courtroom.) |
| 02:30PM | 2 | MS. GABBE:  Your Honor? |
| 02:30PM | 3 | THE COURT:  Yes, ma'am. |
| 02:30PM | 4 | MS. GABBE:  I already filed a police report after he |
| 02:30PM | 5 | threatened me using somebody else's telephone number; and I'm |
| 02:30PM | 6 | trying to get a restraining order, but I don't have a place to |
| 02:30PM | 7 | serve him. |
| 02:30PM | 8 | THE COURT:  Okay. |
| 02:30PM | 9 | MS. GABBE:  Okay.  Because he's been threatening ongoing |
| 02:30PM | 10 | I mean I can take care of myself.  I'm a former police officer, I |
| 02:30PM | 11 | can handle myself around the house.  I have an Uber today for that |
| 02:30PM | 12 | reason. |
| 02:30PM | 13 | He offered to drive me here today.  I mean -- I'm sorry, |
| 02:30PM | 14 | it's -- |
| 02:30PM | 15 | THE COURT:  There is obviously lots going on here that |
| 02:30PM | 16 | isn't an issue before the Court. |
| 02:30PM | 17 | MS. GABBE:  I'm sorry. |
| 02:30PM | 18 | THE COURT:  I wish you all well.  This has been a |
| 02:30PM | 19 | difficult matter so far. |
| 02:30PM | 20 | MS. GABBE:  I am so sorry, Your Honor. |
| 02:30PM | 21 | THE COURT:  I am relieved that it looks like there is |
| 02:31PM | 22 | going to be a resolution.  I'd like you to file something in the |
| 02:31PM | 23 | court record just so we have something in the court record but |
| 02:31PM | 24 | that's in writing from you, ma'am. |
| 02:31PM | 25 | But for purposes of the record, you have filed the |

STENOGRAPHICALLY RECORDED COMPUTER-AIDED TRANSCRIPT

02:31PM 1  dismissal, I have accepted the dismissal with prejudice.  We'll

02:31PM 2  hear from you, hopefully on the other settlement in the coming

02:31PM 3  days.

02:31PM 4       You can take a minute.  You're free to stay here in my

02:31PM 5  courtroom for a few minutes so that you can feel that you're safe

02:31PM 6  walking out.

02:31PM 7       And I'm going to ask you, sir, since you have also been

02:31PM 8  the subject of some accusations that I found to be blatantly

02:31PM 9  unfounded, if you wanted to just hang back another five or

02:31PM 10 ten minutes after Ms. Gabbe leaves.

02:31PM 11      MS. GABBE:  We're good together.  We're fine.  It's just

02:31PM 12 Mr. Kosachuk who is the problem.

02:31PM 13      THE COURT:  Well, I understand you're saying that you're

02:31PM 14 fine now, but you made some allegations against counsel that were

02:31PM 15 --

02:31PM 16      MS. GABBE:  For which I apologize.  I mean we have -- a

02:32PM 17 lot of things came up at the deposition which I was totally in the

02:32PM 18 dark.  I was totally in the dark.

02:32PM 19      THE COURT:  That's okay.  You don't need to say more.  I

02:32PM 20 have your apology on the record to counsel.

02:32PM 21      Counsel, I hope you will accept the apology.

02:32PM 22      MR. AKEMON:  Absolutely, Your Honor.

02:32PM 23      THE COURT:  So I'm glad that you apologized on the

02:32PM 24 record, because you had said things to me that I thought were

02:32PM 25 troubling.  I'm glad you've apologized for them and you all can

02:32PM   1    move on.

02:32PM   2             So it looks like we have another court security officer

02:32PM   3    here as well, which will be helpful.  Like I said, I want to make

02:32PM   4    sure everybody gets home and that we're done with the matter, so

02:32PM   5    thank you very much.

02:32PM   6             MR. AKEMON:  Thank you, Your Honor.

02:32PM   7             MS. GABBE:  Yes.  Thank you.

02:32PM   8             MR. AKEMON:  Oh, Your Honor, I was going to say

02:33PM   9    congratulations also.

02:33PM  10             THE COURT:  Thank you very much.

02:33PM  11             (Recess at 2:33 P.M.)

         12                      C E R T I F I C A T E

         13             I, VERNITA ALLEN-WILLIAMS, do hereby certify that

         14    the foregoing is a complete, true, and accurate transcript of

         15    the proceedings had in the above-entitled case before the

         16    Honorable JACQUELINE BECERRA, one of the judges of said Court,

         17    at Miami, Florida, on March 18, 2024.

         18

         19                                /s/Vernita Allen-Williams___
                                           Official Court Reporter
         20                                United States District Court
                                           Southern District of Florida
         21

         22

         23

         24

         25

STENOGRAPHICALLY RECORDED COMPUTER-AIDED TRANSCRIPT

# EXHIBIT 2

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 23-cv-22893-JB

THOMAS T. McCLENDON, as
Liquidating Trustee of the Galardi
Creditor Trust,

      Plaintiff,

v.

RASHEEDAH MAYS; ASTRID GABBE;
LAW OFFICE OF ASTRID E. GABBE,
P.A.; AINSWORTH DUDLEY; DUDLEY
LAW, LLC,

      Defendants.

_____/

### ORDER OF DISMISSAL

On March 18, 2024, Defendants/Counter-Claimants Astrid E. Gabbe and the

Law Office of Astrid E. Gabbe (together, the "Gabbe Parties") made an *ore tenus*

motion in open court to dismiss their claims against the interpleaded funds and

Defendant/Counter-Defendant Rasheedah Mays with prejudice pursuant to an

earlier settlement agreement entered into between the Gabbe Parties and Mays.

ECF No. [212] at 6-8. As part of this settlement, the Gabbe Parties also agreed that

any interpleaded funds remaining after payment of Interpleader Counsel's attorneys'

fees and costs will be disbursed to Mays' counsel. *Id.* at 6. The Court granted the

Gabbe Parties' *ore tenus* motion and dismissed the claims between the Gabbe Parties

and Mays with prejudice.[1] *Id.* at 8.

_____
[1] On March 12, 2024, non-party Christopher Kosachuk filed a Motion to Intervene
based upon an alleged assignment of the Gabbe Parties' interest in the interpleaded

Pursuant to the Court's direction, the Gabbe Parties later documented their dismissal request in writing, specifying that they are dismissing their claims against the interpleaded funds and Mays with prejudice, as well as dismissing their respective charging liens with prejudice. ECF No. [210].

On March 27, 2024, Interpleader Plaintiff, Mays, and the Gabbe Parties stipulated that:

> Interpleader Plaintiff shall be awarded $32,500 for his attorneys' fees and costs incurred in this interpleader action, an amount to be deducted or disbursed from the interpleaded funds in the Court's registry, and paid directly to Interpleader Plaintiff's counsel, Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A., which counsel has agreed to accept in full satisfaction of their fees and costs representing Interpleader Plaintiff. The Parties further stipulate that all remaining interpleaded funds in the court's registry shall be released to Michael Akemon, counsel for Defendant Rasheedah Mays. In connection with the Parties' mutual releases, the Parties stipulate and agree to Interpleader Plaintiff's discharge from this action with prejudice.

ECF No. [218] at 2. On June 30, 2024, all parties who have appeared in this action, namely, Interpleader Plaintiff, Mays, the Gabbe Parties, and previously terminated

---

funds. ECF No. [203]. The validity of the alleged assignment is questionable for a number of reasons, not the least of which is the Gabbe Parties' changing legal positions concerning the alleged assignment. *See* ECF Nos. [109], [188], [189] at 2. In any event, the Motion to Intervene has no bearing on dismissal because the Motion was not ripe when the Gabbe Parties made, and Court granted, their *ore tenus* motion to dismiss. To the extent that Mr. Kosachuk believes that the Gabbe Parties improperly settled or dismissed their claims, he is not left without recourse as he may proceed against them in a separate action for breach of the alleged assignment, provided of course that there is legal and factual support for such a cause of action.

defendants Dudley Law, LLC, Ainsworth G. Dudley and Tiffany Thompson,[2] stipulated to "the dismissal with prejudice of any claims in this action by or against the Gabbe Parties, Mays and the interpleaded funds." ECF No. [225].

Upon due consideration of the foregoing and the relevant legal authorities, the Court concludes that dismissal is warranted under both Rule 41(a)(1) and 41(a)(2) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 41(a)(1) ("Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing . . . a stipulation of dismissal signed by all parties who have appeared."); Fed. R. Civ. P. 41(a)(2) ("Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." ); *see also, City of Jacksonville v. Jacksonville Hospitality Holdings, L.P.*, 82 F. 4th 1031, 1039 n.6 (11th Cir. 2023) (recognizing that stipulations which did not comply with Rule 41(a)(1) but which

---

[2] Despite the fact that Mr. Kosachuk is not a party to this action, he nonetheless filed an Affidavit and a Motion to Strike the Stipulation of Dismissal, asserting that counsel for Defendant Rasheedah Mays fraudulently included Ms. Thompson's signature on the Stipulation. ECF Nos. [226], [231]. While the Court will not repeat the scurrilous accusations that Mr. Kosachuk made, one example of his meritless assertions is that Ms. Thompson "did not sign the Stipulation submitted to the Court containing her /s/ signature and it is a sham notice of consent to electronic filing of signatures because I spoke to Ms. Thompson who confirmed same . . . ." ECF No. [231] at ¶ 3. However, Ms. Thompson filed a "Response to Chris Kosachuk's Filings" stating that "Mr. Kosachuk is making statements on my behalf that had no basis in our conversation." ECF No. [238]. Further, counsel for Defendant Mays filed email correspondence in which he asks all parties for their consent to file a stipulation of dismissal, and Ms. Thompson responds that "I agree...Tiffany Thompson." ECF No. [233-1]. Thus, even if the Court considered Mr. Kosachuk's filings despite his status as a non-party, they do not call into question the validity of the Stipulation because Mr. Kosachuk's assertions are unfounded and specious.

"were followed by orders by the district court granting the dismissal" could be "treat[ed] as functional Rule 41(a)(2) dismissals.").

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.  The Clerk of Court shall **DISBURSE $32,500.00** of the interpleaded funds currently in the Court's Registry to Interpleader Plaintiff's counsel, Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A., for Interpleader Plaintiff's attorneys' fees and costs incurred in this action, which counsel has agreed to accept in full satisfaction of their fees and costs representing Interpleader Plaintiff.

2.  The Clerk of Court shall **DISBURSE** all remaining interpleaded funds in the Court's Registry, which total **$110,191.00**, to counsel for Defendant Rasheedah Mays, Michael Akemon of the Richards Law Group, located at P.O. Box 360295, Decatur, Georgia 30036.

3.  This action is **DISMISSED WITH PREJUDICE** and all pending motions are **DENIED AS MOOT**.

4.  The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida this 24th day of July, 2024.

JACQUELINE BECERRA
UNITED STATES DISTRICT COURT JUDGE

FROM:
FedEX Office
(305) 383-3550

13901 SW 88th St

Miami FL 33186
US

SHIP DATE: 05AUG24
ACTWGT: 0.36 LB
CAD: 251115992/WSXI3600

BILL 3rd PARTY

TO Clerk of Court

400 N. Miami Ave

Miami FL 33128
(305) 490-5700        REF:
INV:
PO:                   DEPT:

(US)



FedEx Ground

**G**

TRK#   2778 8284 9104

33128

9622 0417 3 (000 000 0000) 0 00 2778 8284 9104