UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Case No. 23-22893-CIV-BECERRA

THOMAS T. MCCLENDON, AS LIQUIDATING TRUSTEE OF THE GALARDI CREDITOR TRUST,

v.

RASHEEDAH MAYS; TIFFANY THOMPSON; ASTRID GABBE; LAW OFFICE OF ASTRID E. GABBE, P.A.; AINSWORTH DUDLEY; AND DUDLEY LAW, LLC,

    Defendants.

### DEFENDANT RASHEEDAH MAYS' RESPONSE TO CHRIS KOSACHUK'S MOTION FOR STAY OF ORDER OF DISMISSAL PENDING APPEAL

COMES NOW Defendant Rasheedah Mays, by and through the undersigned counsel, and files this, her Response to Chris Kosachuk's Motion for Stay of Order of Dismissal Pending Appeal.

**I.    STATEMENT OF FACTS**

The instant interpleader was initiated by Plaintiff Thomas McClendon, Trustee for the Galardi Creditors Trust, in a dispute regarding an alleged contingency fee agreement by and between Defendant Rasheedah Mays (hereinafter "Mays") and Astrid Gabbe and the Law Office of Astrid E. Gabbe, P.A. (hereinafter collectively "Gabbe Parties"). [D.E. 1]. During the course of the instant interpleader, the Gabbe

Parties filed a motion for substitution, requesting that the Court substitute Chris Kosachuk (hereinafter "Kosachuk") for Gabbe as a party. [D.E. 121]. On January 8, 2024, the Gabbe Parties and Kosachuk filed a Motion for Joinder which attempted to join Kosachuk as a party. [D.E. 164]. On January 19, 2024, the Court denied the Motion for Joinder filed by the Gabbe Parties and Kosachuk. [D.E. 172]. Gabbe informed the Court that she filed a Notice of Striking of the Notice of Filing of the Assignment to Kosachuk. This notice of striking withdrew the her assignment from the Gabbe parties to Kosachuk. [D.E. 189]. On March 12, 2024, Kosachuk filed a Motion to Intervene in the case based on the purported assignment from Gabbe, the same assignment that Gabbe struck from the record. [ECF 188].

On March 18, 2024, this Court held a status conference whereby the Gabbe Parties and Mays announced to the Court that they reached a settlement on all issues. The Gabbe Parties then orally dismissed their claims against Mays and the interpleader funds with prejudice. During that status hearing, Kosachuk addressed the Court, arguing that Gabbe did not have the right to dismiss her claims against the interpleader funds, that he had a Motion to Intervene pending, and also requested that the Court stay its ruling until he had the opportunity to brief the issue. The Court denied Kosachuk's request for a stay and agreed that all pending motions were moot as a result of the settlement of the parties and the Gabbe parties' oral dismissal of all claims. On July 24, 2024, this Court entered an order of dismissal and closed the

case. [D.E. 241]. That order noted that Kosachuk is not a party to this action and yet filed an Affidavit and Motion to Strike. In addition, it stated that Kosachuk made numerous meritless assertions in his Affidavit and Motion to Strike.

## II. ARGUMENT AND CITATION OF AUTHORITIES

### A. Kosachuk is a Non-Party and Therefore Lacks Standing to File Anything in This Case, Including the Instant Motion for Stay. Therefore, There is No Likelihood of Success on the Merits.

Kosachuk's lack of standing is fatal to his Motion for Stay. "The most notable—and most fundamental—limits on the federal 'Judicial Power' are specified in Article III of the Constitution, which grants federal courts jurisdiction only over enumerated categories of 'Cases' and 'Controversies.' This case-or-controversy requirement comprises three familiar 'strands': (1) standing, (2) ripeness, and (3) mootness." *Gardner v. Mutz*, 962 F.3d 1329, 1336 (11th Cir. 2020) (citations omitted).

The party invoking the jurisdiction of a federal court bears the burden of establishing these elements to the extent required at each stage of the litigation. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). Because lack of standing deprives the court of its constitutional power to adjudicate the parties' dispute, it can be raised by either party, or "by a court on its own initiative, at any stage in the litigation." *Arbaugh v. Y&H Corp.,* 546 U. S. 500, 506 (2006); see also *Gardner*, supra, at 1337 (standing requirement "limits the category of litigants empowered to

maintain a lawsuit in federal court to seek redress for a legal wrong."). For this same reason, a district court is required to satisfy itself of a party's standing before proceeding to consider the merits of the claims. *Gardner*, supra, at 1336. There are three elements to establish standing. There must be an injury-in-fact (an invasion of an interest that is both concrete and particularized, and actual or imminent), a causal connection between the plaintiff's injury and the challenged action of the defendant, and a likelihood (not merely speculation) that a favorable judgment will redress the plaintiff's injury. *Gardner*, supra, at 1338 (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)). A plaintiff must satisfy all three elements to establish standing. *Id*. "Article III standing must be determined as of the time that the plaintiff's complaint is filed." *A&M Gerber Chiropractic LLC v. GEICO Gen. Ins. Co.*, 925 F.3d 1205, 1212 (11th Cir. 2019).

Here, it is undisputed that Kosachuk is not a party to the instant closed case. Kosachuk's efforts to join the case were rejected by this Court on two occasions. The first motion for substitution was rejected by this Court on January 8, 2024. The second attempt was rejected by this Court on January 17, 2024. [D.E. 172]. Therefore, he has no standing to file a Motion to Stay and cannot satisfy the first prong of the legal standard for this Court to issue a stay. The first prong, "likelihood of success on the merits," is impossible for Kosachuk to prove as he does not have standing to assert any claim against the interpleaded funds regardless of his

4

arguments regarding an alleged transfer from the Gabbe Parties. Thus, his Motion to Stay must be rejected as a matter of law.

### B. Kosachuk Will Not Suffer Irreparable Harm If This Court Denies His Motion to Stay.

As this Court has correctly stated in open court and in its Order dismissing this case, Kosachuk is not left without recourse as it relates to his claims. It is undisputed that Kosachuk is not an attorney and has no claims against attorney Akemon, Defendant Mays or the interpleaded funds. His claim relies on a disputed transfer of assignment between himself and the Gabbe Parties. (The Gabbe Parties and Kosachuk changed legal positions regarding this alleged transfer as at one point they alleged that a transfer had occurred and later withdrew the alleged transfer.) See [D.E.s 109, 188 and 189]. *If* Kosachuk has a claim, it is not against Attorney Akemon, Defendant Mays or the interpleaded funds. It is potentially against the Gabbe Parties for an alleged breach of assignment.[1] The Court stated as much in open court and its Order dismissing the case. Therefore, Kosachuk is not irreparably harmed as he can seek recourse against the Gabbe Parties in another forum and his motion must be dismissed as a matter of law.

---

[1] It should be noted that the type of alleged transfer that Kosachuk describes is prohibited by the Florida Bar rules. Florida Bar Rule 4-5.4 which states "[a] lawyer or law firm shall not share legal fees with a nonlawyer . . . ("A contract that contravenes an established interest of society can be found to be void as against public policy." *American Casualty Co. v. Coastal Caisson Drill Co.*, 542 So.2d 957, 958 (Fla. 1989); *City of Miami v. Benson*, 63 So.2d 916 (Fla. 1953).

**C. Substantial Harm Will Come to the Appellees if the Stay is Granted.**

Appellees will suffer substantial harm if the stay is granted. As this Court is aware, Kosachuk has inserted himself in this litigation on more than one occasion. He has attended multiple hearings and attempted to sit at counsel's table and make legal arguments. He has attended multiple depositions of the Gabbe Parties and ended one of those depositions prematurely, and has acted as the 30(b)(6) representative in another deposition despite having no connection to the Gabbe Parties.² Finally, he filed countless motions and slanderous affidavits in the instant case despite being a non-party.

Now, Kosachuk wants the Appellees to incur significant financial costs and spend an inordinate amount of time litigating what is no doubt frivolous claims against Attorney Akemon, Defendant Mays and the interpleaded funds. What Kosachuk attempts to do here amounts to no more than litigation terrorism. Seeking to extract a ransom in order to withdraw his frivolous claims against the interpleaded

---

² According to both Kosachuk and the Gabbe Parties, their relationship is based on the Gabbe Parties former representation of Kosachuk in a bankruptcy case in the Southern District of Miami. Case No. 22-cv-22351. In a related bankruptcy filing the court held that in it its contempt finding, it "reiterated that it had previously "stated on the record that Chris Kosachuk has no standing and this case, and the Court believes his prior filings were improper efforts . . . " That court also found Kosachuk to lack standing because he is "not a creditor in this case nor is he an interested party who has a stake in the outcome of this case or in the administration of the bankruptcy estate." See *Kosachuk v. Hazan*, 22-22351-Civ-Scola (S.D. Fla. Sep. 27, 2022)

funds while embarrassing attorney Akemon and slandering his professional reputation. Kosachuk has shown throughout this litigation that he believes that the rules do not apply to him, the facts do not matter, and case law be damned unless he gets his way. The only parties harmed if the stay is granted is attorney Akemon and Defendant Mays. As such, Kosachuk's motion should be denied as a matter of law.

**D. The Public Interest Will Not be Served by Issuing a Stay.**

Kosachuk argues that the public interest will be served by issuing a stay based on his purported claim of an assignment between himself and the Gabbe Parties. Kosachuk fails to account for the shifting legal positions made by himself and the Gabbe Parties. Initially, they argued that an assignment occurred. The Gabbe Parties and Kosachuk then shifted gears and claimed that they withdrew the assignment. As the Court previously advised, Kosachuk has a potential remedy if a true assignment did in fact occur. Kosachuk can pursue any alleged transfer claims against the Gabbe Parties. The "public interest" in the alleged assignment can be preserved by way of litigation by and between the Gabbe Parties and Kosachuk. Kosachuk's motion must be denied because the public interest will not be served by issuing a stay.

**III.   CONCLUSION**

Kosachuk's motion must be denied for the reasons stated above. Specifically, Kosachuk lacks standing to file anything in this case including this motion. Kosachuk's motion should further be denied on the basis that he cannot satisfy the

7

requirements necessary for this Court to grant the relief requested. For those reasons, Defendant Mays respectfully requests an order denying Kosachuk's Motion to Stay and to award attorney's fees and costs to Defendant Mays associated with responding to Kosachuk's frivolous motion.

Dated: August 16, 2024

/s/ Rashad Taylor
Rashad Taylor, Esquire
FBN: 87965
11820 Miramar Parkway, Suite 220
Miramar, FL 33025
Telephone: (954) 801-4673
Email: rashadtaylorlaw@gmail.com


/s/ Michael Akemon
Michael Akemon
*Pro Hac Vice* (Ga. Bar 434260)
The Richards Law Group, LLC
P.O. Box 360295
Decatur, GA 30036
Telephone: 404-289-6816
Facsimile: 404-795-0727
Attorney for Defendant Mays

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I served the following Response to Chris Kosachuk's Motion for Stay of Order of Dismissal Pending Appeal [D.E. 243] via electronic service to all parties of record.

/s/ Rashad Taylor
Rashad Taylor, Esquire
FBN: 87965
11820 Miramar Parkway, Suite 220
Miramar, FL 33025
Telephone: (954) 801-4673
Email: rashadtaylorlaw@gmail.com


/s/ Michael Akemon
Michael Akemon
*Pro Hac Vice* (Ga. Bar 434260)
The Richards Law Group, LLC
P.O. Box 360295
Decatur, GA 30036
Telephone: 404-289-6816
Facsimile: 404-795-0727
Attorney for Defendant Mays